UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA C. PALOMARES f/k/a ERIKA C. PEDROZA, an individual; MARIO PEDROZA, JR., an individual; RAUL PEDROZA, an individual; KAREN BARTEE, an individual, as wife and heir of Robert Burl Bartee and as Personal Representative of the Estate of Robert Bartee; and HELEN QUINTANA, CINDY STRICKLAND, CHARLES RAY BARTEE and BARBARA BARTEE, all individuals and natural children and heirs of Robert Burl Bartee,<br><br>Defendants. | Case No. 1:20-cv-00392-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is Plaintiff State Farm's Motion for Default Judgment

Against Defendants Mario Pedroza, Jr. and Raul Pedroza. Dkt. 25. Defendants

have not appeared or responded to the motion. Having considered the briefing and record, the Court will grant the motion.

## BACKGROUND

This action pertains to an insurance coverage lawsuit in which State Farm seeks a declaratory judgment that it has no duty to defend or indemnify non-insureds Mario Pedroza, Jr. and Raul Pedroza in the Underlying Lawsuit titled *Karen Bartee, Helen Quintana, Cindy Strickland, Charles Ray Bartee and Barbara Bartee v. Erika C. Pedroza, Mario Pedroza Jr., Raul Pedroza, Cesar Martinez-Botello and Does 1-5*, case number CV20-20-00463, in the 4th District Idaho - Elmore County, State of Idaho.

State Farm alleges, and the Court has no reason to doubt, that Mario Pedroza, Jr. and Raul Pedroza were both properly served with a copy of Plaintiff's Complaint and Summons in the above-captioned action in August 2020. Dkt. 25-1 at 2.

More than 21 days have elapsed since both Mario Pedroza Jr. and Raul Pedroza were served and neither Defendant has made an appearance in this case.

State Farm's Motion for Order of Default Against Defendants Mario Pedroza, Jr. and Raul Pedroza was filed on October 9, 2020 and the Clerk's Entry of Default as to Defendants Mario Pedroza, Jr. and Raul Pedroza was entered on October 28, 2020. Dkt. 15, 23.

State Farm now requests that the Court grant its motion for default judgment as follows:

1.      That all claims against Mario Pedroza, Jr. and Raul Pedroza in the Complaint are determined to be the true facts in this matter, including, but not limited to the following:

    a.      That Mario Pedroza, Jr. is not an "insured" under State Farm Homeowners Policy, number 12-BE-S580-4 (the "Policy");

    b.      That Raul Pedroza is not an "insured" under the Policy;

    c.      That there was no "occurrence," as defined by the Policy, alleged against Mario Pedroza, Jr. or Raul Pedroza in the underlying lawsuit titled *Karen Bartee, Helen Quintana, Cindy Strickland, Charles Ray Bartee and Barbara Bartee v. Erika C. Pedroza, Mario Pedroza Jr., Raul Pedroza, Cesar Martinez-Botello and Does 1-5*, case number CV20-20-00463, in the 4th District Idaho - Elmore County, State of Idaho (the "Underlying Lawsuit");

    d.      That the actual facts demonstrate that there was no "occurrence" in relation to any liability found against Mario Pedroza, Jr. or Raul Pedroza in the Underlying Lawsuit;

    e.      That exclusion 1.a.(3) in the Policy (the Expected Injury exclusion), precludes coverage for the allegations against Mario Pedroza, Jr.

and Raul Pedroza in the Underlying Lawsuit and for the actual facts in relation to any liability found against Mario Pedroza, Jr. or Raul Pedroza in the Underlying Lawsuit;

f.      That exclusion 1.b. in the Policy (the Business Pursuits exclusion), precludes coverage for the allegations against Mario Pedroza, Jr. and Raul Pedroza in the Underlying Lawsuit and for the actual facts in relation to any liability found against Mario Pedroza, Jr. or Raul Pedroza in the Underlying Lawsuit;

g.      That exclusion 1.c. in the Policy (the Rental By Any Insured exclusion), precludes coverage for the allegations against Mario Pedroza, Jr. and Raul Pedroza in the Underlying Lawsuit and for the actual facts in relation to any liability found against Mario Pedroza, Jr. or Raul Pedroza in the Underlying Lawsuit; and

h.      That exclusion 1.e. in the Policy (the exclusion for Bodily Injury That Arises Out Of Premises That Is Not An Insured Location) precludes coverage for the allegations against Mario Pedroza, Jr. and Raul Pedroza in the Underlying Lawsuit and for the actual facts in relation to any liability found against Mario Pedroza, Jr. or Raul Pedroza in the Underlying Lawsuit.

2.      That based on the foregoing, State Farm owes no duty to defend

Mario Pedroza, Jr. or Raul Pedroza under the Policy in the Underlying Lawsuit;

and

3.      That based on the foregoing, State Farm owes no duty to indemnify

Mario Pedroza, Jr. or Raul Pedroza for any potential liability in the Underlying

Lawsuit under the Policy.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court may enter a

default judgment where default under Rule 55(a) has been previously entered

based upon failure to plead or otherwise defend the action. Fed. R. Civ. P. 55(b).

Once a party's default has been entered, the factual allegations of the complaint,

except those concerning damages, are deemed to have been admitted by the non-

responding party. Fed. R. Civ. Proc. 8(b)(6); *see also Geddes v. United Fin. Group*,

559 F.2d 557, 560 (9th Cir. 1977); *Garamendi v. Henin*, 683 F.3d 1069, 1080 (9th

Cir. 2012). "A default judgment must not differ in kind from, or exceed in amount,

what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

A defendant's default does not, however, automatically entitle the plaintiff

to a court-ordered default judgment. *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th

Cir. 1986). The court "must still consider whether the unchallenged facts constitute

a legitimate cause of action, since a party in default does not admit mere

conclusions of law." *Landstar Ranger, Inc. v. Parth Enterprises, Inc.*, 725 F.Supp.2d 916, 920 (C.D. Cal. 2010) (citation omitted). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *see also Doe I v. Liu Qi*, 349 F. Supp. 2d 1258, 1272 (N.D. Cal. 2004) ("[Although] the factual allegations of [the] complaint together with other competent evidence submitted by the moving party are normally taken as true . . . this Court must still review the facts to insure that the Plaintiffs have properly stated claims for relief.")). Where the pleadings are insufficient, the Court may require the moving party to produce evidence in support of the motion. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

Whether default judgment should be entered is within the discretion of the Court. *Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001). In deciding whether to exercise its discretion to impose judgment by default, the Court is directed to consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*,

782 F.2d 1470, 1471-1472 (9th Cir. 1986) (citation omitted); *see also Landstar*, 725 F.Supp.2d at 920.

## ANALYSIS

### 1.     Application of the *Eitel* Factors

The majority of the *Eitel* factors support a default judgment on Plaintiff's claims. Regarding factor (1)—prejudice to the Plaintiff—if the Court wholly denied the motion, State Farm would be left in a state of limbo regarding its potential duty to represent and indemnify Defendants. As for factors (5) and (6), by virtue of Defendants' failure to appear, there is no evidence of a potential disputed material fact or meritorious defense, or that Defendants' default was due to excusable neglect. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

Factors (2) and (3), regarding the sufficiency and merits of Plaintiff's claims, also favor a default judgment. The Court has reviewed the Complaint and is satisfied that it sets forth a viable claim that State Farm does not owe Defendants a duty to defend or indemnify for any potential liability in the Underlying Lawsuit. The Complaint specifically pleads that State Farm has no duty to defend or indemnify "Mario and/or Raul under the Homeowners Policy for any potential liability in the Underlying Lawsuit because, among other reasons, neither qualifies as an 'insured,' there was no 'occurrence' and/or because one or more of the

exclusions in the Homeowners Policy applies." *Compl.* ¶ 34, 40, Dkt. 1. Because these well-pleaded factual allegations are deemed admitted by virtue of Defendants' default, the Court finds that the allegations in the Complaint adequately establish the merits of Plaintiff's claims.

Two factors weigh against default judgment. First, as to factor (4), the Personal Liability (Each Occurrence) limit of liability on the Homeowners Policy in controversy is $300,000, which is a relatively large amount. Factor (7)—the policy favoring decisions on the merits— weighs against default judgment. However, because the Court finds that Mario and Raul are not "insured" under the under the policy, these factors do not prevent entry of default judgment.

On examination of each of the *Eitel* factors, the Court concludes that entry of default judgment against Mario Pedroza, Jr. and Raul Pedroza is appropriate.

## ORDER

**IT IS ORDERED that:**

1.      Plaintiff's Motion for Default Judgment (Dkt. 25) is **GRANTED**.

DATED: March 1, 2021

B. Lynn Winmill
U.S. District Court Judge