UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois company,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIKA C. PALOMARES f/k/a ERIKA C. PEDROZA, an individual; MARIO PEDROZA, JR., an individual; RAUL PEDROZA, an individual; KAREN BARTEE, an individual, as wife and heir of Robert Burl Bartee and as Personal Representative of the Estate of Robert Bartee; and HELEN QUINTANA, CINDY STRICKLAND, CHARLES RAY BARTEE and BARBARA BARTEE, all individuals and natural children and heirs of Robert Burl Bartee,<br><br>    Defendants. | Case No. 1:20-cv-00392-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiff State Farm Fire and Casualty Company's (State

Farm) Motion to Dismiss Without Prejudice Pursuant to Federal Rule of Civil

**MEMORANDUM DECISION AND ORDER - 1**

Procedure 41(a)(2). (Dkt. 28). State Farm also requests attorney fees and costs incurred in filing the Motion. Defendants do not dispute the Motion to Dismiss, and the Court will grant the Motion. To that end, the remaining issue before the Court is State Farm's request for attorney fees and costs. For the reasons explain below, the Court will deny the request.

## BACKGROUND

### 1. State Farm's Motion for Declaratory Judgment

In the Underlying Lawsuit, Defendants filed a Complaint, case number CV20-20-00463, in the 4th District Idaho-Elmore County, State of Idaho for damages caused by an escaped bull that killed Robert Burl Bartee in March 2020. In that suit, Erika Palomares, Mario Pedroza, Jr. and Raul Pedroza requested indemnity from State Farm. State Farm provided a defense to Ms. Palomares under a full reservation of rights but denied the duty to defend Mario Pedroza, Jr. or Raul Pedroza. *See* Dkt. 29 at 2.

To determine State Farm's coverage obligations, State Farm filed a declaratory judgment action in this Court on August 11, 2020. *See* Dkt. 1. Defendants maintained that State Farm had a duty to defend them in the Underlying Lawsuit. Dkt. 6 at 3. When Ms. Palomares was dismissed with prejudice from the Underlying Lawsuit, State Farm's duty as to her became moot.

*See* Dkt. 30 at 2. This Court then rendered default judgment in favor of State Farm, finding that State Farm set forth a viable claim as to its duty obligations in the Complaint, and that such obligations were deemed admitted by default, disposing of any duty to defend Mario Pedroza, Jr. and Raul Pedroza. *See* Dkt. 27 at 7-8.

### 2. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 41(a)(2)

Based on Ms. Palomares' dismissal with prejudice and this Court's default judgment disposition, State Farm determined that no litigation remained and emailed defense counsel for the remaining Defendants (Barbara Bartee, Charles Ray Bartee, Karen Bartee, Helen Quintana, and Cindy Strickland) requesting permission to affix defense counsel's signature to a letter stipulating to the case's dismissal. *See* Dkt. 30-8 at 1. When defense counsel did not respond, State Farm's counsel followed up. *Id*. This time, defense counsel responded with the following:

> I've asked my associate to look into a filing seeking fees for what strikes me as a frivolous wasteful filing by State Farm. We have to do some research.

Dkt. 30-8 at 2. State Farm's counsel replied, explaining his understanding of events:

> Mr. Holzer, I want to make sure I am understanding you correctly. Are you saying the declaratory judgment action was frivolous? That argument does not hold water. Your clients brought a lawsuit against Ms. Pedroza and her brothers. Each of them tendered that lawsuit to State Farm. State Farm did not believe a defense or indemnity was owed by the policy.

**MEMORANDUM DECISION AND ORDER - 3**

Therefore, there was a disagreement ripe for declaratory judgment between State Farm and Ms. Pedroza, Raul and Mario. If your clients obtain a judgment against an insured of State Farm, and no judgment barred them from doing so, then your clients would have been able to seek that judgment directly from State Farm. Therefore, because State Farm contested Raul's and Mario's insured status and thus contested any obligation to indemnify them, and because State Farm contested whether there could be indemnity coverage for Ms. Pedroza regarding a potential judgment against her in the underlying case, there was a disagreement with your clients regarding coverage, and this disagreement was ripe for decision in a declaratory judgment action. See 22 U.S. Code § 2201(a) "In a case of actual controversy within its jurisdiction ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration". If your clients did not disagree with State Farm regarding possible indemnity coverage, then that would have been reflected in the Answer you filed on their behalf. Instead, in their Answer, the Bartees requested that the Court "declare, under the terms of the policy of insurance at issue herein, Plaintiff [State Farm] has a duty to indemnify the Defendants in the Underlying Lawsuit for any damages said Defendants are legally obligated to pay." The disagreements referenced were the basis of the declaratory judgment action. Those disagreements are no longer ripe because (1) your clients dismissed Ms. Pedroza from the underlying lawsuit with prejudice, meaning there can be no further request by Ms. Pedroza for defense or indemnity from State Farm; (2) the Court ruled that Mario and Raul are not insureds on the State Farm policy meaning there can be no further request by Mario or Raul for defense or indemnity from State Farm; and (3) because your clients can no longer seek to collect on any potential judgment from State Farm due to reasons (1) and (2), there is no longer any dispute with your clients. State Farm is attempting to cut off any fees that your clients could have to expend in this action at the earliest possible moment, it is you who are keeping this action alive after all questions are resolved. Therefore, if you are not willing to stipulate to the dismissal, State Farm will move ahead with a motion to dismiss and we may seek from your clients the fees and costs that will be incurred due to your frivolous obstruction. Please let me know how you plan to proceed.

*Id*. at 2-3. Defense counsel replied:

> Thank you so much the lecture is wonderfully helpful. Is there CLE credit available?

*Id*. at 3. State Farm again followed up, this time indicating that if defense counsel did not stipulate to the dismissal by "5p.m. Pacific Time on Friday, March 5," State Farm would file a Motion to Dismiss and would seek sanctions, including attorney fees and costs for filing the Motion. *Id*. at 4. On April 1, 2021, State Farm filed the Motion to Dismiss before the Court. Dkt. 28.[1]

## LEGAL STANDARD

28 U.S.C. § 1927 permits a district court to impose costs, expenses, and attorneys' fees reasonably incurred as a result of an attorney's conduct that "multiplies the proceedings in any case unreasonably and vexatiously." To impose sanctions under § 1927, the court must find that counsel acted recklessly or in bad faith. *See United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983). Imposing sanctions, whether under § 1927 or the court's inherent powers, is an "extraordinary remedy" that must be exercised with extreme caution. *See In re Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 437 (9th Cir. 1996).

---

[1] Defense counsel represents that they indicated their stipulation to the dismissal of this case to State Farm during the April 5, 2021 telephonic status conference. Dkt. 32-2.

# ANALYSIS

State Farm requests that the Court impose attorney fees and costs pursuant to § 1927 and its inherent powers because Defendants purportedly acted recklessly and in bad faith in 1) failing to respond to emails and 2) indicating they need time for legal research. From State Farm's standpoint, no outstanding legal issues remained after this Court's default judgment and no nonfrivolous avenues existed other than agreeing to the stipulated dismissal.

As a preliminary matter, Defendants did not "multiply" the proceedings under § 1927. When defense counsel failed to respond to State Farm's emails, State farm filed a single, dispositive Motion to Dismiss, which Defendants do not here oppose. By its very dispositive nature, the Motion to Dismiss did not multiply the proceedings. *See, eg., Schmitzer v. County of Riverside*, 26 Fed. Appx. 701, 703 (9th Cir. 2002) (no multiplication of proceedings occurred where summary judgment, a common means of disposing non-meritorious cases, "brought the case to a conclusion.").

Furthermore, the Court does not find that defense counsel acted recklessly or in bad faith, let alone vexatiously. Defense counsel indicated that they were looking into legal research and therefore did not comply with State Farm's self-imposed response timeline. Importantly, there existed no Court order or affirmative

duty to respond or act quicker. *See Mendez v. County of San Bernardino*, 540 F.3d 1109 (9th Cir. 2008) (sanctions are inappropriate when an attorney does not have notice that his conduct "was not in conformance with the court's requirements."). While State Farm claims more time for research was frivolous because the parties had been corresponding about the dismissal of this case since January 2021, *see* Dkt. 34-1, the Court is not required to accept State Farm's portrayal of defense counsel's intent, especially in the absence of an affirmative duty to respond quickly. Perhaps defense counsel could have been more communicative, and while the Court is certainly not impressed with how either counsel has conducted themselves, no conduct here supports the extraordinary remedy of sanctions.

Nor will the Court impose fees pursuant to its inherent powers. A district court may impose sanctions under the court's inherent power upon finding that counsel's conduct "constituted or was tantamount to bad faith." *See Blodgett*, 709 F.2d at 610 (citations omitted). Defendants did not submit or raise a frivolous argument before the Court; rather, they requested more time for research in an email correspondence. *Cf. Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 726-27 (9th Cir. 1984) (no abuse of discretion in imposing sanctions upon bad faith with respect to filings and tactics before the court). Without more, the Court will not speculate about the strategy or timing behind defense counsel's

research into filing fees. The Court is certainly hesitant to impose sanctions upon the expressed need to perform more research, which is typically more consistent with notions of good faith than the submission of a hastily made, reckless argument. Accordingly, the Court will not impose attorney fees or costs.

## ORDER

**IT IS ORDERED that:**

1. State Farm's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 41(a)(2) (Dkt. 28) is **GRANTED** and this case is **DISMISSED** without prejudice.

2. State Farm's request for attorney fees and costs incurred in filing the Motion is **DENIED.**

DATED: May 21, 2021

B. Lynn Winmill
U.S. District Court Judge